UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MALCOM THOMPSON,**

    **Plaintiff,**

v.

**THE CITY OF ST. CLOUD,** a
Municipal Corporation and political
subdivision of the State of Florida,
**ANTHONY MILLER,** individually,
**AGNEL HERRERA,** individually,
and **FRANCIS BARBERI,** individually,

    **Defendants.**
_____/

CASE NO.: _____

## COMPLAINT

Plaintiff, MALCOM THOMPSON, through counsel, pursuant to Rule 15(a)(1)(B), Fed. Rules of Civ. Pro., files this Complaint, and sues the Defendant, The CITY OF ST. CLOUD, a municipal corporation and political subdivision of the State of Florida, ANTHONY MILLER, individually, AGNEL HERRERA, individually, and FRANCIS BARBERI, individually, and alleges as follows:

### Introduction

1. This is a federal civil rights action on behalf of the victim, MALCOM THOMPSON.

2. Plaintiff, MALCOM THOMPSON, was subjected to excessive force and false arrest by police officers following a minor motor vehicle collision involving a vehicle driven by MALCOM THOMPSON.

## Jurisdiction and Venue

3. The Original "Federal Question" jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 to redress the deprivation, under color of state law, of rights secured to MALCOM THOMPSON by the United States Constitution.

4. MALCOM THOMPSON'S claims for relief are predicated upon 42 U.S.C. Section 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to MALCOM THOMPSON by the Constitution and laws of the United States by 42 U.S.C. Section 1988.

5. Venue is appropriate in this Court under 28 U.S.C. Section 1391(b)(1) because one or more Defendants are situated within, and under 28 U.S.C. Section 1391(b)(2) because all or a substantial part of the wrongful acts complained of occurred within the Middle District of Florida.

6. At all times material hereto, MALCOM THOMPSON has been a resident of Osceola County, Florida.

7. All conditions precedent to this lawsuit, if any, have been satisfied or waived.

8. This is a civil complaint in which the damages exceed the amount of seventy-five thousand dollars ($75,000.00) exclusive of attorneys' fees and costs.

## Parties

9. At all times material hereto, MALCOM THOMPSON has been a citizen of the United States.

10. At all times material hereto, Defendant, CITY OF ST. CLOUD, through its police department, the St. Cloud Police Department (hereinafter referred to as "ST. CLOUD PD"), promulgated the policies and procedures governing the investigation of suspects, arrest of citizens and detention of citizens. ST. CLOUD PD was responsible for the training, instructing, disciplining, and controlling the conduct of the police officers within it, including ANTHONY MILLER (hereinafter referred to as "MILLER"), AGNEL HERRERA (hereinafter referred to as "HERRERA"), and FRANCIS BARBERI (hereinafter referred to as "BARBERI").

11. Defendant MILLER was, at all times material hereto, a Sergeant with the ST. CLOUD PD acting within the course and scope of his employment. MILLER is sued in his individual capacity.

12. Defendant HERRERA was, at all times material hereto, an officer with the ST. CLOUD PD acting within the course and scope of his employment. HERRERA is sued in his individual capacity.

13. Defendant BARBERI was, at all times material hereto, an officer with the ST. CLOUD PD acting within the course and scope of his employment. BARBERI is sued in his individual capacity.

14. All actions relevant to this suit occurred in Osceola County, Florida.

15. At all times material hereto, the Defendants were acting under color of state law, to wit: State statutes, ordinances, regulations, customs, and usages of the State of Florida and in their actions and appearances pursuant to their authority as police officers and municipal entities.

## Allegations of Fact

16. Just before 4:00 p.m. on May 23, 2019, in the parking lot of the Avatar car wash on Neptune Road in St. Cloud, Osceola County, Florida, a motor vehicle driven by MALCOM THOMPSON came in contact with another vehicle. Jose Mojica-Soto was a passenger in the other vehicle. The contact was very minor and amounted to a transfer of paint between vehicles.

17. As MALCOM THOMPSON inspected the vehicles, he was verbally accosted by Jose Mojica-Soto. MALCOM THOMPSON saw a spot on the passenger side of his vehicle and touched the spot to determine whether it was paint or a scratch. At that time, Jose Mojica-Soto grabbed MALCOM THOMPSON's arm. MALCOM THOMPSON told Mr. Mojica-Soto not to touch him. Mr. Mojica-Soto grabbed MALCOM THOMPSON's arm multiple times.

18. Eventually, members of the ST. CLOUD PD arrived on the scene, including MILLER, HERRERA, and BARBERI.

19. MILLER approached MALCOM THOMPSON as Mr. Thompson was on the telephone. MILLER commanded MALCOM THOMPSON to sit on the ground. When MALCOM THOMPSON asked him why he was required to sit on the ground, MILLER grabbed MALCOM THOMPSON by both arms.

20. When MILLER grabbed MALCOM THOMPSON by the arms, MALCOM THOMPSON lifted his hands into the air and backed up.

21. As MILLER grabbed MALCOM THOMPSON's arms, HERRERA came up behind MALCOM THOMPSON and grabbed him from behind to throw him to the ground.

22. During this assault, MILLER repeatedly stated "stop resisting" despite the fact MALCOM THOMPSON was not resisting. MALCOM THOMPSON continually stated, "I am not resisting."

23. MILLER and HERRERA threw MALCOM THOMPSON to the ground and MILLER kneeled on MALCOM THOMPSON. These actions resulted in significant injury to MALCOM THOMPSON.

24. At all times material hereto, BARBERI, who was in close proximity, observed, or should have observed, MILLER's and HERRERA's acts towards MALCOM THOMPSON, as described above.

25. At all times material hereto, BARBERI knew that MILLER's and HERRERA's acts were unlawful; however, BARBERI deliberately refrained from intervening and/or adequately responding to his knowledge of these unlawful acts.

26. The utilization of excessive force by MILLER and HERRERA, and BARBERI's failure to adequately respond to such was unnecessary, unwarranted, unjustified and in violation of MALCOM THOMPSON's recognized Fourth Amendment Constitutional Right.

27. BARBERI arrested MALCOM THOMPSON and charged him with battery and resisting arrest without violence.

28. All charges against MALCOM THOMPSON were eventually dropped.

29. Defendant CITY OF ST. CLOUD, through its ST. CLOUD PD, as a matter of policy and practice, has with deliberate indifference failed to adequately train and/or supervise BARBERI regarding the appropriate use of arrest powers. By its failure to provide the aforementioned training and supervision, ST. CLOUD PD caused BARBERI to improperly arrest MALCOM THOMPSON.

30. Defendant CITY OF ST. CLOUD, through ST. CLOUD PD, as a matter of policy and practice, has with deliberate indifference failed to adequately train and/or supervise MILLER and HERRERA regarding the appropriate use of force. By its failure to provide the aforementioned training and supervision, ST. CLOUD PD caused MILLER AND HERRERA to fail to use inappropriate levels of force against MALCOM THOMPSON.

31. Defendant, CITY OF ST. CLOUD, through ST. CLOUD PD, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers, including MILLER and HERRERA, for numerous violations of the constitutional rights of citizens, including the use of excessive force, thereby causing police, including the defendants in this case, to engage in unlawful conduct.

32. Defendant, CITY OF ST. CLOUD, through ST. CLOUD PD, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers, including MILLER, HERRERA, and BARBERI, who are aware of and subsequently conceal numerous violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including MILLER, HERRERA, and BARBERI to engage in unlawful conduct.

33. As a direct and proximate result of the collective Defendants' acts and/or omissions, which constitute unlawful excessive force, MALCOM THOMPSON fell victim to battery and false imprisonment, and has suffered injury.

### COUNT I
**Violation of Plaintiff MALCOM THOMPSON's Fourth Amendment Rights Against Use of Excessive Force Under 42 U.S.C. Sec. 1983**
**(as to Defendant CITY OF ST. CLOUD)**

34. MALCOM THOMPSON incorporates and realleges the allegations contained in paragraphs 1 to 33 as if fully set forth herein.

35. The deprivation of MALCOM THOMPSON's Constitutional rights arose out of the government custom established and maintained by the Defendant CITY OF ST. CLOUD through its agency ST. CLOUD PD, as outlined herein. ST. CLOUD PD established, maintained, and allowed a widespread practice and custom of deprivation of constitutional rights, including the use of excessive force without cause of provocation, in violation of the Fourth Amendment to the U.S. Constitution, and such practice had become customary in the City of St. Cloud.

36. ST. CLOUD PD was otherwise responsible for the express policy related to use of force regarding offenses such as the suspected offenses that allegedly form the basis for the subject arrest, and such express policy directly led to the deprivation of MALCOM THOMPSON's constitutional rights, including his Fourth Amendment rights to be free from excessive force.

37. Through the acts outlined herein, including paragraphs 29 to 33 above, ST. CLOUD PD directly caused the deprivation of MALCOM THOMPSON's constitutional rights.

38. Additionally, ST. CLOUD PD established and maintained an express policy of failing to mandate adequate supervision, hiring, in-servicing, training, discipline, and retention which directly caused the deprivation of MALCOM THOMPSON's constitutional rights, including his Fourth Amendment rights.

39. By reason of the foregoing, CITY OF ST. CLOUD violated 42 U.S.C. Sec. 1983.

40. As a direct and proximate result of the foregoing, MALCOM THOMPSON suffered bodily injury, mental anguish, oppression, aggravation of a pre-existing condition, loss of dignity, loss of liberty, and damage to reputation.

WHEREFORE, Plaintiff MALCOM THOMPSON prays this Court enter judgment against Defendant CITY OF ST. CLOUD for compensatory and punitive damages, attorneys' fees, trial by jury, and grant such further relief as this Court deems just.

### COUNT II
**Violation of Plaintiff MALCOM THOMPSON's Fourth Amendment Rights Against Use of Excessive Force Under 42 U.S.C. Sec.1983
(as to Defendant ANTHONY MILLER)**

41. MALCOM THOMPSON realleges paragraphs 1 to 33 as though fully set forth herein.

42. MILLER, in his official capacity, acting alone and in concert with a co-Defendant, and in the course and scope of his employment as a Sergeant with the ST. CLOUD PD, exercised excessive and unreasonable force on the person of MALCOM THOMPSON.

43. MILLER's behavior, in his official capacity, acting alone and in concert with a co-Defendant, was shocking to the conscience.

44. Acting under the color of law, as agent of the ST. CLOUD PD, MILLER intentionally and with complete, reckless, and callous disregard and indifference for MALCOM THOMPSON's civil rights, caused MALCOM

THOMPSON to be deprived of his constitutional rights, including those under the Fourth Amendment to the United States Constitution, by using a degree of force that was unreasonable under the circumstances and in searching and seizing him, in violation of the right of MALCOM THOMPSON to be free from excessive force and search and seizure under the Fourth Amendment.

45. By reason of the foregoing, MILLER violated 42 U.S.C Sec. 1983.

46. As a direct and proximate result of the foregoing, MALCOM THOMPSON suffered bodily injury, mental anguish, oppression, aggravation of a pre-existing condition, loss of dignity, loss of liberty, and damage to reputation.

47. The conduct of MILLER is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

48. Pursuant to 42 U.S.C. sec. 1988, this Court, in its discretion, may allow the prevailing party in Sec. 1983 actions, such as the instant case, a reasonable attorneys' fee as part of the costs.

WHEREFORE, Plaintiff MALCOM THOMPSON, prays that this Court enter judgment against Defendant ANTHONY MILLER, for compensatory and punitive damages, attorneys' fees, trial by jury, and grant such further relief as this Court deems just.

## COUNT III
**Violation to Plaintiff MALCOM THOMPSON's Fourth Amendment Rights Against Use of Excessive Force Under 42 U.S.C. Sect 1983
(as to Defendant AGNEL HERRERA)**

49. MALCOM THOMPSON realleges paragraphs 1 to 33 as though fully set forth herein.

50. HERRERA, in his official capacity, acting alone and in concert with a co-Defendant, and in the course and scope of his employment as an officer with the ST. CLOUD PD, exercised excessive and unreasonable force on the person of MALCOM THOMPSON.

51. HERERRA's behavior, in his official capacity, acting alone and in concert with a co-Defendant, was shocking to the conscience.

52. Acting under the color of law, as agent of the ST. CLOUD PD, HERRERA intentionally and with complete, reckless, and callous disregard and indifference for MALCOM THOMPSON's civil rights, caused MALCOM THOMPSON to be deprived of his constitutional rights, including those under the Fourth Amendment to the United States Constitution, by using a degree of force that was unreasonable under the circumstances and in searching and seizing him, in violation of the right of MALCOM THOMPSON to be free from excessive force and search and seizure under the Fourth Amendment.

53. By reason of the foregoing, HERRERA violated 42 U.S.C Sec. 1983.

54. As a direct and proximate result of the foregoing, MALCOM THOMPSON suffered bodily injury, mental anguish, oppression, aggravation of a pre-existing condition, loss of dignity, loss of liberty, and damage to reputation.

55. The conduct of HERRERA is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

56. Pursuant to 42 U.S.C. sec. 1988, this Court, in its discretion, may allow the prevailing party in Sec. 1983 actions, such as the instant case, a reasonable attorneys' fee as part of the costs.

WHEREFORE, Plaintiff MALCOM THOMPSON prays that this Court enter judgment against Defendant AGNEL HERRERA for compensatory and punitive damages, attorneys' fees, trial by jury, and grant such further relief as this Court deems just.

**COURT IV**
**False Arrest**
**(as to Defendant FRANCIS BARBERI)**

57. MALCOM THOMPSON realleges paragraphs 1 to 33 as though fully set forth herein.

58. The gravamen of the tort of false arrest is the unlawful restraint of a person against that person's will. *Johnson v. Weiner*, 155 Fla. 169, 19 So.2d 699, 700 (1944); *Spears v. Albertson's Inc.*, 848 So.2d 1176, 1178 (Fla. 1st DCA 2003); *City of St. Petersburg v. Austrino*, 898 So.2d 955, 957 (Fla. 2d DCA 2005).

59. In a false arrest action, probable cause is an affirmative defense to be proven by the defendant. *Bolanos v. Metro. Dade County,* 677 So.2d 1005, 1005 (Fla. 3d DCA 1996). Probable cause has been properly defined as:

> A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.
>
> *Dunnavant v. State*, Fla.1950, 46 So.2d 871, 874; see also *Thompson v. Taylor*, Fla.App.*1966*, 183 So.2d 16, 19; *Cold v. Clark*, Fla.App.1965, 180 So.2d 347, 349.

60. However, "… in order for probable cause to exist the countenance of the situation must be such that a prudent man would set in motion the forces of a criminal proceeding. And where it would appear to a 'cautious man' that further investigation is justified before instituting that proceeding, then liability may attach for the failure to do so." *Liabos v. Harman*, 215 So.2d 487, 488-89 (Fla. 2d DCA 1968).

61. Probable cause must be based on the actions of "…of reasonable men, acting on facts leading sensibly to their conclusions of probability." *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The facts and circumstances, based upon reasonably trustworthy information, must be such that "would cause a prudent person to believe" the suspect has committed a crime. *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir.2002) (quoting *Williamson v. Mills*,

13

65 F.3d 155, 158 (11th Cir.1995)). *City of St. Petersburg v. Austrino*, 898 So.2d 955, 958 (Fla. 2d DCA 2005).

62. A law enforcement officer is required to conduct a reasonable investigation to establish probable cause. Where the evidence and all inferences from it inevitably lead to the conclusion that the arrest was made without conducting a reasonable investigation, the facts and circumstances known to the officer are deemed insufficient to give rise to probable cause. See *Liabos v. Harman*, 215 So.2d 487 (Fla. 2d DCA 1968); *City of St. Petersburg v. Austrino*, 898 So.2d 955, 958 (Fla. 2d DCA 2005).

63. BARBERI failed to conduct a reasonable investigation, and otherwise failed to establish probable cause for the arrest of MALCOM THOMPSON.

64. Furthermore, the actions of BARBERI were in bad faith, with malicious purpose, or in a manner exhibiting willful disregard of human rights, and specifically the rights of MALCOM THOMPSON.

65. MALCOM THOMPSON was unlawfully arrested and was deprived of his liberty against his will.

66. Such detention and deprivation of liberty was unreasonable and unwarranted under the circumstances, as there was not a scintilla of evidence to support any belief that MALCOM THOMPSON had committed any criminal act.

67. As a direct and proximate result of the foregoing, MALCOM THOMPSON suffered bodily injury, mental anguish, oppression, loss of earnings and earning capacity, loss of dignity, loss of liberty, and damage to reputation.

68. The conduct of BARBERI is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

WHEREFORE, Plaintiff MALCOM THOMPSON, prays that this Court enter judgment against Defendant, FRANCIS BARBERTI, for compensatory and punitive damages, and, where applicable, taxable costs, trial by jury, and grant such further relief as this Court deems just.

## COUNT V
### Battery
### (as to Defendant ANTHONY MILLER)

69. MALCOM THOMPSON realleges paragraphs 1 to 33 as though fully set forth herein.

70. At all times material hereto, MILLER's unlawful acts, as described in Paragraphs 19 to 23, constituted intentional, non-consensual, harmful and/or offensive physical contact on MALCOM THOMPSON's person.

71. At all times material hereto, the use of excessive force by MILLER was unreasonable and unwarranted.

72. As a direct and proximate result of the foregoing, MALCOM THOMPSON suffered injury, mental anguish, loss of dignity, loss of liberty, and damage to reputation.

15

73. The conduct of MILLER is sufficient to support a finding of intentional misconduct, malice, willful and wanton disregard, and support a claim for punitive damages.

WHEREFORE, Plaintiff MALCOM THOMPSON prays this Court enter judgment against Defendant ANTHONY MILLER for compensatory and punitive damages, attorney's fees, trial by jury, and grant such further relief as this Court deems just.

### COUNT VI
### Battery
### (as to defendant AGNEL HERRERA)

74. MALCOM THOMPSON realleges paragraphs 1 to 33 as though fully set forth herein.

75. At all times material hereto, HERRERA's unlawful acts, as described in Paragraphs 21 and 23, constituted intentional, non-consensual, harmful and/or offensive physical contact on MALCOM THOMPSON's person.

76. At all times material hereto, the use of excessive force by HERRERA was unreasonable and unwarranted.

77. As a direct and proximate result of the foregoing, MALCOM THOMPSON suffered injury, mental anguish, loss of dignity, loss of liberty, and damage to reputation.

78. The conduct of HERRERA is sufficient to support a finding of intentional misconduct, malice, willful and wanton disregard, and support a claim for punitive damages.

WHEREFORE, Plaintiff MALCOM THOMPSON prays that this Court enter judgment against Defendant AGNEL HERRERA for compensatory and punitive damages, attorney's fees, trial by jury, and grant such further relief as this Court deems just.

DATED this 20th day of February, 2023.

/s/J. Scott Murphy
J. Scott Murphy, Esq. – FBN: 0373001
PAUL KNOPF BIGGER, PLLC
840 South Denning Drive, Suite 200
Winter Park, FL 32789
Phone: 407-622-2111
Attorney for Plaintiff
Primary E-Mail: scott@pkblawfirm.com
Secondary E-Mail: leslie@pkblawfirm.com
Secondary: TeamJSM@pkblawfirm.com