# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MALCOLM THOMPSON,

        Plaintiff,

v.                                   Case No:   6:23-cv-283-WWB-LHP

THE CITY OF ST. CLOUD,
ANTHONY MILLER, AGNEL
HERRERA and FRANCIS BARBERI,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   DEFENDANTS, CITY OF ST. CLOUD, ANTHONY MILLER, AGNEL HERRERA AND FRANCIS BARBERI'S SECOND RENEWED MOTION TO SUBMIT VIDEOS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 31)**
>
> **FILED:   May 25, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff instituted this action by complaint filed on February 20, 2023, alleging claims of false arrest, excessive force, and battery related to his arrest on

May 23, 2019.  Doc. No. 1.  Defendants have moved to dismiss, arguing, among other things, that the complaint fails to state a claim and that the Defendant police officers (Anthony Miller, Agnel Herrera, and Francis Barberi) are entitled to qualified immunity.  Doc. No. 14.  With the motion to dismiss, Defendants submit extrinsic evidence, including police reports, witness statements, and photographs, Doc. No. 14-2, and throughout the motion Defendants reference video footage they argue defeats Plaintiff's claims.  Doc. No. 14.

Now, by the present motion, [1] Defendants seek to submit the videos referenced in the motion to dismiss for the Court's consideration in resolving the motion to dismiss, under the incorporation-by-reference doctrine.  Doc. No. 31. Plaintiff opposes.  Doc. No. 37.

The Eleventh Circuit has recently concluded that video footage may properly be considered on a motion to dismiss under the incorporation-by-reference doctrine.  *See Baker v. City of Madison, Alabama*, 67 F.4th 1268 (11th Cir. 2023).  In *Baker*, the Court explained:

> Under the incorporation-by-reference doctrine, a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) "the plaintiff refers to certain documents in the complaint," (2) those documents are "central

---

[1] Defendants filed two prior versions of the present motion, both of which were denied without prejudice for failure to comply with the Local Rules and Court Orders. Doc. Nos. 15–16, 22–23.

- 2 -

> to the plaintiff's claim," and (3) the documents' contents are undisputed.   *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).   Evidence is "undisputed" in this context if its authenticity is unchallenged.   *Horsley*, 304 F.3d at 1134.

*Id.* at 1275.   In *Baker*, the Court concluded that the incorporation-by-reference doctrine was satisfied because the bodycam footage at issue was referenced in the complaint, the footage depicted events central to the plaintiff's claim, and the footage was undisputed because the plaintiff did not challenge its authenticity.   *Id.* at 1276.

Here, Defendants seek to submit video surveillance footage from two private businesses showing the location and surroundings where the incident occurred, and which allegedly captured the underlying incident resulting in Plaintiff's arrest. Doc. No. 31, at 2.   Defendants argue that the videos corroborate their version of events and support the motion to dismiss.   *Id.* at 3.   Defendants centrally rely on *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214 (S.D. Fla. 2019), *aff'd*, 820 F. App'x 989 (11th Cir. 2020), in which the court considered officer bodycam footage in resolving a motion to dismiss.   *Id.* at 2–3.

In opposition, Plaintiff argues that Defendants have failed to satisfy the requirements for the incorporation-by-reference doctrine because Plaintiff does not refer to the videos in the complaint; at least one of the videos contains no audio and the scene is obstructed; and Plaintiff has been unable to determine the authenticity

of the videos because Defendants did not provide them to Plaintiff, and Plaintiff's counsel is aware of only one video from the parking lot where the incident occurred. Doc. No. 37.

Upon consideration, the Court agrees with Plaintiff that Defendants have failed to satisfy the requirements for the incorporation-by-reference doctrine. Unlike in *McDowell* on which Defendants rely, here, the complaint contains no reference to the video footage, and Plaintiff is unwilling to concede to the videos' authenticity. *Cf. McDowell*, 424 F. Supp. 3d at 1223 (S.D. Fla. 2019) (noting that the plaintiff did not dispute the contents or authenticity of the footage and agreed that the court should consider the footage in resolving the motion to dismiss). *See also Baker*, 67 F. 4th at 1276 (permitting consideration of video footage on motion to dismiss where the footage was referenced in the complaint several times and its authenticity was not challenged). Absent establishing that the requirements for incorporation-by-reference of the video footage have been satisfied, Defendants' motion will be denied. *See, e.g.*, *Wiegand v. Royal Caribbean Cruises Ltd.*, No. 1:19-25100-CV-DLG, 2020 WL 696789, at *2 (S.D. Fla. Feb. 5, 2020) (declining to consider video evidence on motion to dismiss where it, and other extrinsic sources, were not incorporated by reference into the complaint).

**DONE** and **ORDERED** in Orlando, Florida on June 9, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties